UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RODNEY FUSSELL, et al.,
Plaintiffs,

vs

REGINALD WILKINSON, et al.,
Defendants.

Case No. 1:03-cv-704
Beckwith, J.
Black, M.J.

REPORT AND
RECOMMENDATION

This civil case is before the Court on class member William E. Martin's *pro se* motion for relief from judgment. (Doc. 205). Mr. Martin requests the Court to "vacate the following Orders and Judgments: 9-2-04 (doc. 38), 4-18-05 (doc. 59), 6-30-05 (doc. 71), 11-22-05 (doc. 141), 11-22-05 (doc. 142), 12-12-05 (doc. 147), 4-26-06 (doc. 162), 6-27-07 (doc. 184), and 6-1-09 (doc. 202)." (Doc. 205 at 1).

The Court may provide relief from a final judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure only "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reasons justifying relief from the operation of the judgment."

The undersigned has carefully reviewed Mr. Martin's motion and the authorities cited therein and concludes that relief from judgment or any order of the Court is not warranted.

With the exception of the Court's June 1, 2009 Order (Doc. 202) addressed below at page 5, Mr. Martin's motion for relief from the judgment entered in this case and the orders specified in his motion is untimely.

To the extent Mr. Martin may be seeking relief pursuant to subsections (b)(1), (2), or (3) of Rule 60(b), his motion was filed more than one year after the entry of the judgment and the orders listed in his motion. Because motions under subsections (1), (2), and (3) must be filed "no more than a year after the entry of the judgment or order," *see* Rule 60(c)(1), his motion for relief from judgment and orders is time-barred under those subsections.

To the extent Mr. Martin seeks relief under Rule 60(b)(4), (5), or (6), his motion is also untimely. A motion under these subsections must be filed within "a reasonable time," a requirement that is dependent upon the facts of each case. *See Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). Mr. Martin bears the burden of showing compliance with the provisions of Rule 60(b). *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir. 1986). Here, Mr. Martin fails to explain why he waited between two to nearly five years in seeking relief from the judgment and the orders specified in his motion. Therefore, he fails to meet his burden of showing timeliness under Rule 60(b)(4), (5), or (6).

Moreover, even if Mr. Martin's motion could be construed as timely for purposes of Rule 60(b)(4), (5), or (6), he nevertheless fails to establish grounds for relief from judgment.

A void judgment under Rule 60(b)(4) occurs "[o]nly in the rare instance of a clear usurpation of power" by the court. *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001). A void judgment must be differentiated from an erroneous judgment "to prevent the use of the Rule as a substitute for an appeal." *Id.* Under Rule 60(b)(4), a judgment is rendered

2

void only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (citing *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)).

In the instant case, Mr. Martin has failed to allege any facts or present any evidence whatsoever demonstrating that the Court lacked jurisdiction in this matter or acted in a manner which violated due process. Accordingly, his motion fails under Rule 60(b)(4). He may not utilize Rule 60(b)(4) as a vehicle to file an otherwise untimely appeal in this case.

Nor has Mr. Martin demonstrated relief is warranted under Rule 60(b)(5). He has not shown that the judgment in this matter has been satisfied, released or discharged or that the judgment was based on an earlier judgment that has been reversed or vacated. To the extent he may be arguing that applying the judgment prospectively is no longer equitable, he fails to meet his burden of establishing a change in circumstances warranting such relief. *See Horne v. Flores*, 129 S.Ct. 2579, 2593 (2009). Mr. Martin has not shown "a significant change either in factual conditions or in law" rendering continued enforcement of the Consent Decree in this case "detrimental to the public interest." *Horne*, 129 S.Ct. at 2593 (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)).

Finally, Mr. Martin is not entitled to relief under Rule 60(b)(6). Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989); *see also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990). Even though Mr. Martin's motion for relief from the Court's June 1, 2009 Order is timely, he fails to demonstrate exceptional or extraordinary circumstances justifying relief from that Order.

In the Order of June 1, 2009, Judge Beckwith denied Mr. Martin's motion to intervene as a party in this case, for appointment of counsel, to grant a hearing on his motion and to order several other inmates to be brought to court to testify, to hold in contempt numerous state officials for violations of the Consent Decree, to order the release of 25,500 inmates from Ohio prisons, and to award him sanctions for every day he is denied proper medical treatment. (Doc. 202). The gist of Mr. Martin's motion for relief from this Order appears to be his personal dissatisfaction with the Court's various rulings in this matter and class counsel's handling of this case. Mr. Martin has alleged no facts whatsoever suggesting that the district judge in this matter was personally biased or prejudiced against him. The sole basis of his motion appears to be the Court's adverse rulings against him. His conclusory allegations of judicial bias based on such adverse rulings cannot serve as a ground for relief or reconsideration of the Court's Order. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Likewise, Mr. Martin's assault on class counsel's competence and integrity in this matter is baseless, unfounded, and wholly inappropriate. Mr. Martin's unsubstantiated and outlandish accusations against class counsel merely serve to illustrate the frivolousness of his motion for relief.

Mr. Martin fails to allege any other basis suggesting exceptional or extraordinary circumstances to warrant relief under Rule 60(b)(6). Accordingly, the undersigned **RECOMMENDS** that Mr. Martin's motion for relief from judgment. (Doc. 205) be **DENIED**.

Date: 8/26/09

Timothy S. Black
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RODNEY FUSSELL, et al.,
    Plaintiffs

vs

REGINALD WILKINSON, et al.,
    Defendants.

Case No. 1:03-cv-704
Beckwith, J.
Black, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") **WITHIN FIFTEEN DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections **WITHIN TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br>William E Martin<br>150-188<br>PO Box 45699<br>Lebanon, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4162 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:03cv704 (Doc. 207)