UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rodney Fussell, et al, : Case No. 1:03-cv-704
:
   Plaintiffs, :
:
vs. :
:
Reginald Wilkinson, et al, :
:
   Defendants. :

**ORDER**

This Order is intended to summarize the events in this case over the past several months, and to set forth the Court's findings and conclusion that the Stipulation for Injunctive Relief entered in November 2005 is and should be terminated, pursuant to the parties' stipulation for dismissal (Doc. 237).

**FACTUAL BACKGROUND**

This action was filed on October 14, 2003 by a class of Ohio prison inmates, alleging that the State of Ohio's provision of medical care to them failed to meet constitutional requirements. After this Court certified the class, the parties agreed to engage in a fact-finding process by a team of medical and legal experts. That team, led by Professor Fred Cohen, submitted a detailed report in January 2005, which served as the basis for additional negotiations between the parties. In November 2005, the parties reached a stipulation providing for an award of injunctive relief to the class, by which the Defendants agreed to provide medical and dental services to Ohio inmates "within the framework of the Eighth Amendment and reasonably consistent with generally accepted

-1-

medical science and of a quality acceptable within prudent professional standards. Where a range of acceptable treatments are available, the inmate-patient has no right to any particular treatment, to any particular caregiver, or to change any particular location for treatment deemed appropriate by the health care provider." (Doc. 140, Stipulation for Injunctive Relief at ¶27) The parties further agreed that a five-year period was "presumptively required" in order to achieve the core goals set forth in the stipulation, while also recognizing that the Prison Litigation Reform Act, 18 U.S.C. §3626(F)(b)(1), states that prospective injunctive relief is terminable after two years. (Id. at ¶¶ 143-144)

After an evidentiary hearing, this Court approved the stipulation, noting it was achieved through arms-length negotiations by experienced counsel, and with the assistance of recognized experts in the field of inmate medical care. The Court also noted that the plaintiffs faced an almost insurmountable obstacle to the prosecution of their classwide claims, due to the lack of funds to engage in the extensive and time-consuming discovery that would be required in order to show any systemic Eighth Amendment violations. The Court specifically concluded that the settlement served the public interest in assuring that constitutionally adequate medical and dental care is provided for Ohio inmates. (Doc. 141, Order Approving Settlement)

On November 2, 2010, this Court approved modifications to the original stipulation that were agreed to by the parties. ODRC was in the process of converting all of the medical staff positions to the civil service, and it agreed to extend the stipulation to complete that process. The parties agreed to extend the stipulation for an additional eighteen months, to June 22, 2012, at which time it would expire by its terms.

They also agreed that the stipulation with regard to dental services would expire on June 30, 2011. (Doc. 216, ¶¶ 121.1, and 143-144) During the period of the stipulation, this Court received regular reports from the Medical Oversight Committee that detailed both the progress being made and continuing problems encountered at the various state institutions. The monitor and counsel also willingly assisted the Court from time to time in investigating and responding to individual complaints about medical care.

On June 6, 2012, Plaintiffs filed a motion to extend the stipulation, and to stay its termination pending a ruling from the Court. (Doc. 227) The Defendants opposed the motion but conceded that a stay of the termination date would be appropriate pending the submission of the final report from the Medical Oversight Committee and Mr. Cohen, the Independent Consultant. The Court therefore stayed the termination date to permit the parties and the Court to review Cohen's anticipated report. (Doc. 229)

The final report was submitted to this Court on July 16, 2012, and was filed in the record with the Defendants' response to Plaintiffs' motion to extend. (See Doc. 234, Exhibit A) The Medical Oversight Committee's findings include its recommendation that "... the Court find no current and ongoing violations of the Eighth Amendment. Indeed, the more appropriate question may be whether the Stipulation is currently necessary, which is the inquiry fashioned in Hadix v. Johnson, 228 F.3d 662, 673 (6th Cir. 2000), and reiterated at Hadix, 420 Fed. Appx 480, 485 (6th Cir. 2011). If 'currently necessary' is the decisional touchstone, the Court also may find that the Fussell Stipulation is now not necessary, and as the parties initially agreed, should expire by its own terms on June 22, 2012." (Id. at p. 6) The Report also stressed to the Court that the Committee's identification and discussion of "problems" in medical care provision is not,

and should not be understood to be, an identification of any constitutional violation or a failure by the Defendants to substantially comply with the terms of the stipulation for injunctive relief. Rather, the Committee's effort over the period combined its duty of oversight of the stipulation with extensive consultation services to ODRC on improvements to the various health care systems identified in the original stipulation. The Report further stated that ODRC has voluntarily secured state funding for a two-year contractual period of additional quality assurance oversight services to be provided by Mr. Cohen, Dr. Shansky, and Nurse Peterson, all members of the MOC. Mr. Cohen specifically commended the efforts made on behalf of the class by class counsel Mr. Singleton, and his staff at OJPC. This Court concurs in that observation, as the efforts of Plaintiffs' counsel throughout this case have been instrumental in achieving the goals of the stipulation.

The balance of the Committee's report exhaustively discusses the improvements in ODRC's systems that have been achieved at the various penal institutions throughout the state. It also identifies some remaining problems in aspects of ODRC's provision of medical care. This Court has carefully considered the entire Report, and the specific comments from the MOC Team members Fred Cohen; Madie LaMarre, M.N.; Karen Saylor, M.D.; Ronald Shansky, M.D. and Barbara Peterson, R.N., incorporated in the Report. This Court specifically commends the willingness of ODRC to successfully obtain additional funding for the two-year period during which Mr. Cohen and his team will continue to assist the state in improving quality assurance programs and procedures.

During a status conference with the parties on August 21 to explore whether the

MOC's Final Report mooted Plaintiffs' motion to extend the stipulation, the parties informed the Court that they had been engaged in fruitful discussions about an ongoing monitoring agreement. But because Plaintiffs did not withdraw their motion to extend, the Court set an evidentiary hearing for October 9, 2012. (See Doc. 233) Following that conference, a group of eleven class members filed a document on September 11 entitled "motion for leave to file amicus curiae brief" regarding the motion to extend the stipulation. (Doc. 235) These class members raised various complaints about their medical care. Most of the cited incidents relate to one class member, Mr. Hendricks, and it is obvious from the document that Mr. Hendricks is very familiar with the ODRC grievance procedures and is well able to file lawsuits to prosecute his individual claims. The document also describes several other inmates' complaints about aspects of their medical care. These class members then offer a number of procedural changes they believe would improve medical services; they also suggest that Class Counsel has simply "monitored" the stipulation, and not "enforced" its terms.

Defendants filed a motion to strike this pleading, as amicus curiae briefs are not permitted, and because these individuals are represented by class counsel. (Doc. 236)

Finally, on September 24, 2012, the parties filed a stipulation of dismissal and a private settlement agreement.[1] (Doc. 237) The stipulation provides that the parties have agreed that the 2005 Stipulation should expire as scheduled, and that this Court shall no longer have jurisdiction over that Stipulation. The private settlement agreement states

---

[1] 18 U.S.C. §3626(c)(2) specifically address "private settlement agreements" and provides that the statute does not preclude private agreements that do not meet PLRA's strict requirements for granting injunctive relief, "if the terms of that agreement are not subject to court enforcement...".

that during the two-year period of ongoing oversight and consultation services provided by members of the MOC, as described in their Final Report, ODRC has agreed to pay additional sums to class counsel to cover some of OJPC's costs attendant to OJPC's ongoing involvement with the consultants' services. For example, ODRC has agreed to provide written reports to OJPC during the first year, summarizing the consultants' evaluations and holding quarterly meetings at OJPC's option. During the second year of the contract, ODRC has agreed to work collaboratively with OJPC, as needed, on both systemic and individual inmate issues.

## DISCUSSION

The 2005 Stipulation for injunctive relief has achieved remarkable improvements in the overall quality of inmate medical care in Ohio. The Court commends all parties for their willingness to work collaboratively and to seek solutions to identified problems rather than devote time and resources to pursuing difficult and complex litigation. As did the parties in 2005, the Court recognizes that the PLRA prescribes a two-year presumptive limitation on prospective injunctive relief. Despite that statutory presumption, Defendants agreed to a longer initial period and then agreed to extend the stipulation to allow the MOC to continue to report to this Court about the transition to civil service staffing for medical care. The Final Report submitted by Fred Cohen, whose own efforts along with those of the members of his team have been exemplary throughout the past seven years, fully supports the agreed-upon termination of the stipulation. Even if Plaintiffs had not reached a private settlement and had not withdrawn their motion to extend, this Court would have been required to find a current and ongoing systemic violation of the class members' constitutional rights, and then could only grant

relief that is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary" to correct that violation. See 18 U.S.C. §3626(a)(1)(A). Based on all of the evidence before the Court, particularly the MOC's Final Report and the attachments to the now-withdrawn motion to extend, the Court could not have concluded that ODRC's provision of medical care to the class as a whole is constitutionally inadequate, or amounts to a deliberate indifference to state inmates' needs. To the contrary, it is apparent that the level of service and care has markedly improved and that any previous alleged system-wide constitutional deficiencies have been remedied.

With respect to the individual class members' submission of an "amicus brief" (Doc. 235), the Court agrees that these class members are represented by class counsel in this matter, and therefore cannot submit pleadings pro se. But even if the document were properly before the Court, the incidents and allegations described by these class members do not support the suggestion of ongoing **systemic** deficiencies that rise to the level of constitutionally inadequate care on a systemic level. The Court will not strike the document from the record, but concludes that these class members have not shown that ODRC has failed to comply with the terms of the 2005 stipulation.

## CONCLUSION

For all of these reasons, the November 2005 Stipulation for Injunctive Relief and all modifications thereto is hereby TERMINATED. This Court no longer has jurisdiction over this case, and will not have any jurisdiction over the parties' private settlement agreement. The evidentiary hearing scheduled for October 9, 2012 is hereby vacated.

Defendants' motion to strike the motion for leave to file amicus curiae brief (Doc. 236) is denied, and the motion will remain part of the record. To the extent that the motion for leave to file amicus brief (Doc. 235) seeks any relief on behalf of the submitting class members or an extension of the 2005 Stipulation, it is denied.

SO ORDERED.

THIS IS A FINAL AND APPEALABLE ORDER.

THIS CASE IS CLOSED.

DATED: October 2, 2012
s/Sandra S. Beckwith
Sandra S. Beckwith
Senior United States District Judge